UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **LAURA BRUNER**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:24-cv-067 |
| | Judge: |
| **KPMG, LLP**, a Delaware limited liability partnership, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LAURA BRUNER** ("**BRUNER**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Right Act (FCRA) for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **LAURA BRUNER** ("**BRUNER**") is an individual who at all material times resided in Collier County, Florida and who worked for the Defendant in Collier County, Florida.

3. Defendant, **KPMG, LLP** ("Defendant") is a Delaware limited liability partnership and was **BRUNER**'s employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Collier County is within the Fort Myers Division.

6. **BRUNER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 30, 2023, and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. **BRUNER** began her employment with Defendant on January 3, 2022, and was employed as a Director.

8. **BRUNER**'s position as a Director was a remote one, and **BRUNER** excelled at it, receiving glowing performance reviews and accolades.

9. **BRUNER** always performed her assigned duties in a professional manner and was able to do her job very well despite being a qualified person with a disability.

10. At all times relevant, **BRUNER** was a qualified person with a disability. Specifically, she had musculo-skeletal impairments.

11. Prior to and during **BRUNER**'s employment, she discussed her musculo-skeletal disabilities, which included a request for reasonable accommodations for her home office, which the Defendant granted and paid for.

12. Due to **BRUNER**'s disabilities, she is unable to travel in a car for long distances, but this was not a problem because her position was remote and none of her essential job duties required her to physically attend at the Defendant's Miami office.

13. However, in or about February 9, 2023, **BRUNER**'s supervisor demanded that she attend 2-3 days/week in the Defendant's Miami office, despite knowing she was unable to do so.

3

14. **BRUNER** promptly objected (since her position was remote and she was more than fully performing her duties), and in response made a request for reasonable accommodations, to wit: remaining in the remote position she was hired for and had been working in successfully.

15. The Respondent refused to engage in the interactive process, denied **BRUNER**'s request and terminated her employment on or about March 3, 2023.

16. At all material times, the Defendant was aware of **BRUNER**'s disability, which is the basis for its discriminatory employment practices toward her.

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

17. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

18. At all relevant times, **BRUNER** was an individual with a disability within the meaning of the ADAAA.

19. Specifically, **BRUNER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

20. **BRUNER** is a qualified individual as that term is defined in the ADAAA.

21. **BRUNER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

22. At all material times, **BRUNER** was an employee and the Defendant was her employer covered by and within the meaning of the ADAAA.

23. **BRUNER** has disabilities, which qualify under the ADAAA.

24. Defendant discriminated against **BRUNER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

25. Defendant conducted itself with malice or with reckless indifference to **BRUNER**'s federally protected rights.

26. Defendant discriminated against **BRUNER** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

27. The conduct of Defendant altered the terms and conditions of **BRUNER**'s employment and **BRUNER** suffered negative employment action in the form of discipline and termination.

28. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **BRUNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

29. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BRUNER** is entitled to all relief necessary to make her whole.

30. As a direct and proximate result of the Defendant's actions, **BRUNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

31. **BRUNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.        Reasonable attorney's fees plus costs;

    v.        Compensatory damages;

    vi.        Punitive damages, and;

    vii.        Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

32. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

33. At all relevant times, **BRUNER** was an individual with a disability within the meaning of the FCRA.

34. Specifically, **BRUNER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

35. **BRUNER** is a qualified individual as that term is defined in the FCRA.

36. **BRUNER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

37. At all material times, **BRUNER** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

38. **BRUNER** has disabilities, which qualify under the FCRA.

39. Defendant discriminated against **BRUNER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

40. Defendant conducted itself with malice or with reckless indifference to **BRUNER**'s protected rights under Florida law.

41. Defendant discriminated against **BRUNER** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

42. The conduct of the Defendant altered the terms and conditions of **BRUNER**'s employment and **BRUNER** suffered negative employment action in the form of discipline and termination.

43. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BRUNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

44. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BRUNER** is entitled to all relief necessary to make her whole.

45. As a direct and proximate result of the Defendant's actions, **BRUNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46. **BRUNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADA- RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

48. Following **BRUNER**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **BRUNER**.

49. Said protected activity was the proximate cause of Defendant's negative employment actions against **BRUNER** including changed working conditions, discipline, and ultimately termination.

50. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **BRUNER** via changed working conditions, discipline, and termination.

51. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

52. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **BRUNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

53. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BRUNER** is entitled to all relief necessary to make her whole as provided for under the ADA.

54. As a direct and proximate result of Defendant's actions, **BRUNER** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55. **BRUNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

# COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

56. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

57. Following **BRUNER**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **BRUNER**.

58. Said protected activity was the proximate cause of Defendant's negative employment actions against **BRUNER** including changed working conditions, discipline, and ultimately termination.

59. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **BRUNER** via changed working conditions, discipline, and termination.

60. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BRUNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **BRUNER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

63. As a direct and proximate result of Defendant's actions, **BRUNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **BRUNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv. Reasonable attorney's fees plus costs;

    v. Compensatory damages;

    vi.    Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LAURA BRUNER**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 19, 2024    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com